**John F. O'NEILL, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 17013.**

United States District Court
E. D. New York.
March 10, 1959.

Jerome H. Doran, Mineola, N. Y., for plaintiff.

Cornelius W. Wickersham, Jr., U. S. Atty., Brooklyn, N. Y., Robert C. Carey, Brooklyn, N. Y., of counsel, for defendant.

ZAVATT, District Judge.

The defendant has moved for an order dismissing the complaint on the ground that the court lacks jurisdiction over the subject matter herein. The action is one in which the plaintiff seeks to abate and cancel a jeopardy assessment in the amount of $64,598.40 made against him by the Commissioner of Interal Revenue, which included excise taxes on wagering in the sum of $28,710.40, and penalties thereon in the sum of $35,888. A levy upon plaintiff's property yielded the sum of $805.23, which was applied to payment of the aforesaid assessment. The plaintiff seeks to recover the amount of $751.23, which, he alleges, was illegally, erroneously and excessively collected. Counsel for the United States stated upon oral argument that the United States relies solely upon Flora v. United States, 1958, 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165 for the relief sought by this motion. That case holds that a district court has no jurisdiction of a claim for a refund of *income taxes* where a claimant has not paid the entire assessment for the period in question. The Supreme Court was not dealing with a claim for a refund of *excise taxes*. Furthermore, the Supreme Court did not concern itself with a claim for the abatement of a jeopardy assessment for excise taxes on wagering. It does not require extended discussion to point out that regardless of the persuasive effect of the Flora case with respect to the issue of jurisdiction herein, that case is not dispositive of the case before the court.

The clerk will enter an order denying the motion without prejudice to its being renewed upon a memorandum sufficiently setting forth the points upon which the defendant may rely, as required by General Rule 9 of this Court. It goes without saying that the defendant will have the burden of supporting its points with convincing legal authority.